THE HONORABLE DAVID W. CHRISTEL

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANA SAIKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCG HEALTH, LLC, a Washington limited liability company<br><br>Defendant. | Case No. 2:22-cv-00849-DWC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE**<br><br>NOTE ON MOTION CALENDAR: JULY 15, 2022 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE
Case No. 2:22-cv-00849-DWC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL BACKGROUND........................................................................2

III.  BOOTH PLAINTIFFS SHOULD BE PERMITTED TO INTERVENE. ..........................3

IV.  APPOINTMENT OF INTERIM CLASS COUNSEL WOULD BE PREMATURE. ........................................................................................................4

V.   CONSOLIDATION AND IMPLEMENTATION OF AN ORDERLY PROCESS FOR APPOINTMENT OF COUNSEL WILL NOT PREJUDICE ANY PARTY. ............6

VI.  CONCLUSION......................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE-i
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Aguirre v. Aaron's, Inc.*,
  2019 WL 1937573 (S.D. Cal. May 1, 2019).................................................................. 3

*Arthur v. Sallie Mae, Inc.*,
  2011 WL 13127651 (W.D. Wash. June 6, 2011) ......................................................... 3

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ........................................................................................ 3

*Brown v. Accellion, Inc.*,
  2022 WL 767279 (N.D. Cal. Mar. 14, 2022)................................................................ 5

*Clarke v. First Transit, Inc.*,
  2012 WL 12877865 (C.D. Cal. Nov. 2, 2012).............................................................. 4

*Cook v. AT&T Mobility, LLC*,
  2011 WL 13217794 (C.D. Cal. Jan. 7, 2011) ............................................................... 6

*Davis v. GEICO Cas. Co.*,
  2021 WL 4876213 (S.D. Ohio May 20, 2021) ............................................................ 5

*Four In One Co. v. SK Foods, L.P.*,
  2009 WL 747160 (E.D. Cal. Mar. 20, 2009) ................................................................ 7

*McFadden v. Microsoft Corp.*,
  2020 WL 5642822 (W.D. Wash. Sept. 22, 2020)......................................................... 6

*Navarrete v. Hill's Pet Nutrition, Inc.*,
  2019 WL 1932388 (N.D. Cal. May 1, 2019) ............................................................... 7

*Nooksack Indian Tribe v. Zinke*,
  321 F.R.D. 377 (W.D. Wash. 2017) ......................................................................... 3, 4

*Orange Cnty. v. Air Calif.*,
  799 F.2d 535 (9th Cir. 1986) ........................................................................................ 3

*Roe v. Arch Coal, Inc.*,
  2015 WL 6702288 (E.D. Mo. Nov. 2, 2015) ............................................................... 6

*Smallman v. MGM Resorts Int'l*,
  2021 WL 326135 (D. Nev. Feb. 1, 2021)..................................................................... 7

*Smith v. Los Angeles Unif. Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ........................................................................................ 3

*Tokarski v. Med-Data, Inc.*,
  2022 U.S. Dist. LEXIS 47799 (W.D. Wash. Mar. 17, 2022) ...................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR
APPOINTMENT OF CLASS COUNSEL IN ABEYANCE-ii
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Tric Tools, Inc. v. TT Techs., Inc.*,
 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012), *on reconsideration*, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) .................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 23(g) ............................................................................................................... 2, 4

Fed. R. Civ. P. 23(g)(2) ............................................................................................................ 1, 6

Fed. R. Civ. P. 23(g)(3) ............................................................................................................... 7

Fed. R. Civ. P. 24(b)(1)(B) .......................................................................................................... 3

Fed. R. Civ. P. 24(b)(3) ............................................................................................................... 3

Fed. R. Civ. P. 42 ........................................................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE- iii
Case No. 2:22-cv-00849-DWC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.   INTRODUCTION

Plaintiffs Linda Booth, Mary Napier, and Candace Daugherty (collectively, the "Booth Plaintiffs") are victims of the MCG Health data breach and propose to represent the same class of victims defined in the above-captioned action (the "*Saiki* Action"). On June 22, 2022, counsel in the *Saiki* Action moved to consolidate the related cases that had been filed at that point. They also filed a separate motion to be appointed interim class counsel. That motion—coming just twelve days after announcement of the data breach—is premature because defense counsel has not yet appeared, and at the time of its filing, other complaints were likely to be filed. Since the Saiki Plaintiffs' motion, three additional cases—including the case filed by the Booth Plaintiffs—have been filed in this District.

Determination of the Saiki Plaintiffs' early motion for appointment would undermine the orderly, considered development and organization of this litigation. Appointing interim class counsel without consideration of all applicants' qualifications is not in the best interests of the class members, who are entitled to be represented by "the applicant best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2).

The Booth Plaintiffs respectfully seek permission to intervene in the *Saiki* Action for the limited purpose of asking the Court to hold the *Saiki* motion for appointment in abeyance until such time as the Court orders the consolidation of all related actions and establishes an orderly process for leadership applications and responses in the consolidated action. Thus, while Booth Plaintiffs support consolidation, all interested parties should have an opportunity to be heard on the appointment of interim class counsel. Accordingly, Booth Plaintiffs' proposed order—submitted herewith for the Court's convenience—would consolidate the related cases on file (and any filed in the future) and establish a procedure for considering competing applications for interim class counsel on their merits, which is the standard procedure in complex litigation involving several class actions arising out of the same incident.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE - 1
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II. PROCEDURAL BACKGROUND

Beginning six days after the announcement of the MCG Health data breach, six proposed class actions were filed and are now pending against MCG Health, LLC ("MCG Health" or the "Defendant") in this District:

- *Saiki v. MCG Health, LLC*, No. 2:22-cv-00849-DWC (W.D. Wash., filed June 16, 2022);
- *Strecker v. MCG Health, LLC*, No. 2:22-cv-0062-TSZ (W.D. Wash., filed June 20, 2022);
- *Thorbecke & Dean v. MCG Health, LLC*, No. 2:22-cv-00870 (W.D. Wash., filed June 21, 2022);
- *Booth, et al., v. MCG Health, LLC*, No. 2:22-cv-00879 (W.D. Wash., filed June 22, 2022);
- *Crawford & Price v. MCG Health, LLC*, No. 2:22-cv-00894 (W.D. Wash., filed June 24, 2022); and
- *Dresch v. MC Health, LLC*, No. 2:22-cv-00892 (W.D. Wash., filed June 24, 2022).

Each of these related cases arises out of the same data breach, disclosed by MCG Health on June 10, 2022, in which an unauthorized party accessed MCG Health's files affecting approximately 1,100,000 individuals. Each complaint asserts, among other causes of action, claims for negligence and violations of the CPA, i.e., Washington's Consumer Protection Act.

On June 22, 2022, six days after filing her complaint, Ms. Saiki moved to appoint her attorneys as interim co-lead counsel under Federal Rule of Civil Procedure 23(g) and to consolidate the *Saiki*, *Strecker*, and *Thorbecke* cases under Federal Rule of Civil Procedure 42. That same day, the Booth Plaintiffs filed a class action complaint, and with it, the notice of related cases required under the local rules. *See* Grille Decl. at ¶ 4. The Booth Plaintiffs then learned of the *Saiki* motions to consolidate and appoint interim class counsel on June 23. *See* Grille Decl. at ¶ 7.

Two more class actions were filed thereafter. *See* Grille Decl. at ¶ 5. Booth Plaintiffs have served the Defendant and anticipate that additional class actions arising out of the same hacking incident will be filed in the coming days and weeks. *See* Grille Decl. at ¶ 6. The related cases remain in their incipiency, and counsel for MCG Health has yet to appear.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -2
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III.     BOOTH PLAINTIFFS SHOULD BE PERMITTED TO INTERVENE.

Federal Rule of Civil Procedure 24(b)(1)(B) provides in relevant part that "the court may permit anyone to intervene [in an action] who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "generally requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 973 (9th Cir. 1992). "However, an independent jurisdictional basis is not required when [intervenors] do not seek to litigate a claim on the merits." *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 382 (W.D. Wash. 2017) (internal citations and quotations omitted). "Although the movant bears the burden of showing that [it] meets these requirements, they are broadly interpreted in favor of intervention." *Aguirre v. Aaron's, Inc.*, No. 3:17-CV-00297-L-BLM, 2019 WL 1937573, at *1 (S.D. Cal. May 1, 2019) (citing *Smith v. Los Angeles Unif. Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016)); *see also Arthur v. Sallie Mae, Inc*., No. C10-0198JLR, 2011 WL 13127651, at *1 (W.D. Wash. June 6, 2011) ("Intervention is allowed liberally in class actions[.]"). Once these requirements are met, permissive intervention is committed to the Court's discretion. *See Orange Cnty. v. Air Calif.,* 799 F.2d 535, 539 (9th Cir. 1986). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Arthur*, 2011 WL 13127651, at *1 (finding the timeliness of the motion relevant to whether the original parties would be prejudiced). "The Court may also consider the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits[.]" *Nooksack Indian Tribe*, 321 F.R.D. at 383 (internal quotations omitted).

The Booth Plaintiffs meet all requirements for permissive intervention, seeking to intervene for the limited purpose of requesting that Ms. Saiki's motion for appointment be held in abeyance pending the Court's formal organization of this litigation. Booth Plaintiffs' motion is timely as it was filed just six days after the Booth Plaintiffs learned of the *Saiki* Motion.[1] *See* Grille Decl. at ¶ 7.

---

[1] The Booth Plaintiffs' undersigned counsel also met and conferred with counsel for Ms. Saiki.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR
APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -3
Case No. 2:22-cv-00849-DWC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Moreover, the related cases concern common issues of fact and law. Plaintiffs in both cases seek to
2  represent effectively the same class on many of the same claims arising from the same conduct that
3  enabled the data breach at issue. *See* Grille Decl., Exs. A & B (Booth and Saiki Compls.,
4  respectively).

5        The discretionary factors also weigh in favor of intervention. This motion will neither
6  prejudice Ms. Saiki nor the class she proposes to represent, as the motion is timely and Ms. Saiki's
7  case was filed just last week. Further, the Booth Plaintiffs' claims are virtually indistinguishable from
8  those of the proposed class in the *Saiki* Action: Booth Plaintiffs assert many of the same causes of
9  action, stemming from the same facts, on behalf of the same class.

10        Thus, because the Booth Plaintiffs' request to intervene is limited and it otherwise meets all
11  of the criteria for permissive intervention, the request should be granted. *See Clarke v. First Transit,*
12  *Inc.*, No. CV 07-06476 GAF (MANx), 2012 WL 12877865, at *10 (C.D. Cal. Nov. 2, 2012)
13  (permitting intervention where intervenors were nominally within the class definition).

14  **IV.   APPOINTMENT OF INTERIM CLASS COUNSEL WOULD BE PREMATURE.**

15        While, given the number of actions filed in this litigation, Booth Plaintiffs believe
16  appointment of interim class counsel to be appropriate, it should not be rushed. The Saiki Plaintiff's
17  motion is premature because defense counsel has not yet appeared, and all the related cases are not
18  yet before a single court. Accordingly, the Court is not yet able to consider the qualifications of all
19  potential applicants. The Saiki Plaintiff's motion should therefore be held in abeyance until after the
20  Court has asserted its authority over the litigation as a whole.

21        Deciding the motion without considering all other applicants' qualifications would inhibit
22  the Court's ability to make a considered judgment as required under Rule 23(g), to the detriment of
23  the class members whose interests the Court is obligated to protect. It is for this reason that courts
24  have routinely held that appointment of interim counsel should not occur prior to consolidation of
25  related actions. *See, e.g.*, *Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 4876213, at *2
26  (S.D. Ohio May 20, 2021) ("[C]ourts often deny appointment of interim class counsel when there
27  are competing class actions in different courts that have not been consolidated."); *Tokarski v. Med-*

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR
APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -4
Case No. 2:22-cv-00849-DWC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Data, Inc.*, No. 2:21-cv-00631-TL, 2022 U.S. Dist. LEXIS 47799, at *10-11 (W.D. Wash. Mar. 17, 2022) ("[T]he Court is not aware of any precedent for appointing interim counsel where the other cases are pending before . . . another judge[.]").

As noted above, since the filing of the *Saiki* Motion, three more class actions have been brought against MCG Health regarding the same alleged misconduct surrounding the same data breach. It is also likely given the magnitude and scope of the incident that even more class actions will be filed in the days and weeks to come. *See, e.g.*, *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2022 WL 767279, at *1 (N.D. Cal. Mar. 14, 2022) (consolidating fifteen related data breach cases). These putative future parties have not been given notice of the *Saiki* motion and have had no opportunity to be heard on the relief it requests. Under the Booth Plaintiffs' proposal, all the pending related cases, as well as any related cases filed in the future, will be consolidated and any interested party will have a fair opportunity to submit an application for appointment of their attorneys as interim class counsel.

That the *Saiki* motion is premature is undeniable. The motion seeks appointment of counsel for a class asserting claims against a Defendant whose attorneys have not appeared and therefore remain unknown, and without the benefit of the Defendant's position on such appointment. Booth Plaintiffs know of no case where a court appointed interim class counsel before defense counsel appeared, which would risk prejudicing that party. *See Cook v. AT&T Mobility, LLC,* No. CV10-8870 R (OPX), 2011 WL 13217794, at *1 (C.D. Cal. Jan. 7, 2011) (finding appointment premature where "[d]efendant had not yet had an opportunity to respond to the complaints"). In fact, class action defendants routinely submit and courts routinely consider their positions regarding the appointment of interim class counsel. *See, e.g.*, *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020); *Roe v. Arch Coal, Inc.*, No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (rejecting defendant's position that appointment of interim class counsel was "unnecessary and improper" based on determination that "the now consolidated action would benefit from designated interim class counsel for efficient case management.").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -5
Case No. 2:22-cv-00849-DWC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V. CONSOLIDATION AND IMPLEMENTATION OF AN ORDERLY PROCESS FOR APPOINTMENT OF COUNSEL WILL NOT PREJUDICE ANY PARTY.

Holding the *Saiki* Motion in abeyance, pending consolidation and establishment of an orderly process for the Court to consider interested plaintiffs' counsel's qualifications to lead the consolidated case, will not prejudice any party. This measured course of action will instead benefit the proposed class and the Court's ability to make a sound decision in the best interests of its members. *See Tric Tools, Inc. v. TT Techs., Inc.*, No. 12-CV-3490 YGR, 2012 WL 5289409, at *2 (N.D. Cal. Oct. 25, 2012), *on reconsideration*, No. 12-CV-3490 YGR, 2012 WL 6087483 (N.D. Cal. Dec. 6, 2012) (weighing three factors relevant to whether to grant a stay: (1) the stage of litigation; (2) "whether a stay will simplify the issues in question and trial of the case[;]" and (3) "whether a stay would unduly prejudice or present a tactical disadvantage to the nonmoving party").

Entering Booth Plaintiffs' proposed order streamlining the consolidation and appointment of interim class counsel will simplify the issues, enabling the Court to efficiently steer the litigation in its beginning stages. By contrast, as a practical matter, because the *Saiki* motion to consolidate only addresses the first three of the six pending related cases, it does not offer the Court a complete solution. In other words, if granted, the *Saiki* motion to consolidate would likely be the first of several piecemeal motions to consolidate. Similarly, the *Saiki* motion to consolidate would do nothing to prevent inconsistent results because several other related actions—like that filed by the Booth Plaintiffs—would remain pending.

There is no prejudice to any party from a short deferral in regard to the appointment of interim class counsel. The proposed class will be best served by consolidation, followed by the Court taking up the leadership question, so that the Court may comprehensively consider all applicants as provided under Rule 23(g)(2) in accordance with the streamlined procedure for determining appointment of counsel proposed by the Booth Plaintiffs. *See Four In One Co. v. SK Foods, L.P.*, No. 2:08-CV-03017MCEEFB, 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009) ("[T]he Court must itself endeavor to select counsel *best* able to represent the interests of the purported class.") (emphasis added); *Smallman v. MGM Resorts Int'l*, No. 2:20-cv-00376-GMN-NJK, 2021 WL 326135, at *3 (D. Nev. Feb. 1, 2021) (selecting the counsel "best suited to advocate for the interests of the putative

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -6
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

class" although all "attorneys are more than qualified"); *cf. Navarrete v. Hill's Pet Nutrition, Inc.*, No. C 19-00767 WHA, 2019 WL 1932388, at *1 (N.D. Cal. May 1, 2019) ("The putative class would . . . be better served by waiting for the JPML's determination regarding consolidation prior to the appointment of interim counsel. Should the cases be consolidated, interim counsel should possibly be appointed once all parties and their counsel have been given a fair opportunity to be heard."). Nothing will prevent counsel for Ms. Saiki from seeking leadership at the appropriate time.

## VI.  CONCLUSION

For the foregoing reasons, the Booth Plaintiffs respectfully request that this Court permit them to intervene, hold the *Saiki* motion for appointment in abeyance, and enter their proposed order consolidating the related cases and establishing a process for consideration of applications for appointment of interim class counsel under Rule 23(g)(3).

RESPECTFULLY SUBMITTED AND DATED this 29th day of June, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Adam E. Polk, *pro hac vice forthcoming*
    Email: apolk@girardsharp.com
    Simon Grille, *pro hac vice forthcoming*
    Email: sgrille@girardsharp.com
    Jordan Elias, *pro hac vice forthcoming*
    Email: jelias@girardsharp.com
    Jordan Isern, *pro hac vice forthcoming*
    Email: jisern@girardsharp.com
    GIRARD SHARP LLP
    601 California Street, Suite 1400
    San Francisco, California 94108
    Telephone: (415) 981-4800
    Facsimile: (415) 981-4846

*Attorneys for Plaintiffs*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND HOLD PLAINTIFF'S MOTION FOR APPOINTMENT OF CLASS COUNSEL IN ABEYANCE -7
Case No. 2:22-cv-00849-DWC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com