UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIANA SAIKI,<br><br>            Plaintiff,<br><br>   v.<br><br>MCG HEALTH LLC,<br><br>            Defendant. | CASE NO. 2:22-CV-849-RSM-DWC<br><br>ORDER GRANTING IN PART MOTION TO INTERVENE AND DENYING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL |

Pending before this Court are Plaintiff's Motion to Appoint Interim Co-Lead Counsel (Dkt. 6) and a Motion to Intervene filed by counsel in the related case of *Booth, et al., v. MCG Health, LLC*, No. 2:22-cv-00879 (W.D. Wash., filed June 22, 2022)(Dkt. 11).

## BACKGROUND

On June 22, 2022 counsel for Plaintiff (Saiki counsel) filed a motion for an order appointing Jason T. Dennett of Tousley Brain Stephens PLLC and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as interim co-lead counsel for Plaintiff Saiki, as well as two other Plaintiffs in then-filed related cases. Dkt. 6.

ORDER GRANTING IN PART MOTION TO INTERVENE AND DENYING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL - 1

Since that time several additional related cases have been filed.[1] Accordingly, on July 25, 2022 the Honorable Ricardo S. Martinez, Chief United States District Judge, referred all such related cases to the undersigned because this case (originally referred to the undersigned on June 30, 2022) was the lowest numbered case of them. Dkt. 13. On August 3, 2022, the Court entered an order to show cause in this case and eight other related cases whether they should be consolidated. Dkt. 27.

Meanwhile, counsel in the related case of *Booth, et al., v. MCG Health, LLC*, No. 2:22-cv-00879 (W.D. Wash., filed June 22, 2022) (Booth counsel) moved to intervene "for the limited purpose of requesting that [Saiki counsel's] motion for appointment be held in abeyance pending the Court's formal organization of this litigation." Dkt. 11 at 7. Saiki Counsel filed a response reiterating their position without objecting to Booth counsel's intervention. Dkt. 15. Booth counsel filed a reply. Dkt. 20.

DISCUSSION

Federal Rule of Civil Procedure 23 permits the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). "The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically." *See* Manual of Complex Litigation § 11.213 (4th ed. 2004).

---

[1] *See Strecker v. MCG Health, LLC*, Case No. 2:22-cv-0062-RMS-DWC (W.D. Wash., filed June 20, 2022); *Thorbecke & Dean v. MCG Health, LLC*, Case No. 2:22-cv-00870-RMS-DWC (W.D. Wash., filed June 21, 2022); *Booth, et al. v. MCG Health, LLC*, Case No. 2:22-cv-00879-RMS-DWC (W.D. Wash., filed June 22, 2022); *Crawford & Price v. MCG Health, LLC*, Case No. 2:22-cv-00894-RMS-DWC (W.D. Wash., filed June 24, 2022); *Dresch v. MC Health, LLC*, Case No. 2:22-cv-00892-RMS-DWC (W.D. Wash., filed June 24, 2022); *Taylor & Taylor* v. *MC Health, LLC*, Case No. 2:22-cv-00925-RSM-DWC (W.D. Wash., filed July 1, 2022); *Mack, et al. v. MCG Health, LLC*, Case No. 2:22-cv-00935-RSM-DWC (W.D. Wash., filed July 6, 2022); *Hensley v. MCG Health, LLC*, Case No. 2:22-cv-00978-RSM-DWC (W.D. Wash., filed July 15, 2022).

The Court concurs with Booth counsel that Saiki counsel's motion is premature and "would undermine the orderly, considered development and organization of this litigation" because if the Court consolidates the aforementioned related cases then Plaintiffs are "entitled to be represented by 'the applicant best able to represent the interests of the class,'" pursuant to Fed. R. Civ. P. 23(g)(2). Dkt. 11 at 5, 8; Dkt. 20 at 1.

Saiki counsel's motion seeks to avoid "copycat cases" and "competing leadership" issues but fails to address how appointing them interim co-lead counsel would "protect[] the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement" as the Manuel for Complex Litigation advises the Court to consider. *See* Manual of Complex Litigation § 21.11 (4th ed. 2004); *see generally* Dkt. 6; Dkt. 15 at 2.

In the event the aforementioned related cases should reach the point of consolidation the Court would institute a procedure and invite submissions from all counsel and conduct an independent review "to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual of Complex Litigation § 10.22 (4th ed. 2004). Therefore, the Court finds no purpose in holding Saiki counsel's motion in abeyance, as suggested by Booth counsel.

///

///

///

ORDER GRANTING IN PART MOTION TO INTERVENE AND DENYING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL - 3

CONCLUSION

The Motion to Intervene filed by counsel in *Booth, et al., v. MCG Health, LLC*, No. 2:22-cv-00879 (W.D. Wash., filed June 22, 2022)(Dkt. 11) is granted in part and denied in part. Plaintiff's Motion to Appoint Counsel Interim Co-Lead Counsel (Dkt. 6) is denied without prejudice.

IT IS SO ORDERED.

Dated this 4th day of August, 2022.

David W. Christel
United States Magistrate Judge

ORDER GRANTING IN PART MOTION TO INTERVENE AND DENYING MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL - 4