UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re MCG Health Data Security Issue Litigation | No. 2:22-cv-849-RSM-DWC |
|---|---|
| | **STIPULATED PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties ("Parties") to this action hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    DEFINITIONS

2.1 "Confidential" Material

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) trade secret or other confidential research, development, or commercial information, or other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c); (2) sensitive and/or non-public contractual terms, settlement

agreements or settlement communications with customers, vendors, advertising platforms, and other parties; (3) sensitive pricing and other financial information; (4) Protected Health Information ("PHI") and other information subject to the Health Insurance Portability and Accountability Act ("HIPAA"); (5) sensitive information regarding customers, customer lists, customer usage, and customer technical requirements; (6) sensitive product development information and information relating to new products; (7) sensitive development processes, designs, drawings, engineering, and hardware and software configuration information; (8) sensitive marketing plans, business plans, forecasts, and business strategies; (9) sensitive communications and information relating to products and services, including, but not limited to, systems and marketing data, which in the hands of competitors would be valuable; (10) other protected personal information (including contact information) and information subject to privacy laws or prohibited from disclosure by statute; (11) other non-public business information that is treated confidentially by the producing party in the ordinary course of business, the disclosure of which may cause the producing party to be commercially disadvantaged or prejudiced; (12) information received in confidence from third parties; and (13) information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

      2.2    "Expert"

      "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not an officer, director, or employee of a Party or an officer, director, or employee of a business competitor to a Party, and (3) at the time of retention, is not anticipated to become an officer, director, or employee of a Party or of a Party's business competitor.

2.3   "Highly Confidential – Attorneys' Eyes Only"

"Highly Confidential – Attorneys' Eyes Only" materials shall include extremely sensitive "Confidential" material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4   "Protected Material"

"Protected Material" shall include any disclosure or material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.   SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF PROTECTED MATERIAL

4.1   Basic Principles. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. For the sake of clarity, Protected Material may not be disclosed to putative class members unless and until a class comprising those absent class members is certified or those absent class members otherwise become parties to this action. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Protected Material (other than information or items designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") only to:

(a)    the receiving party's outside or inside counsel, as well as employees of such counsel and any persons employed by or retained by such counsel for the purpose of assisting in the conduct of this action (such as database managers, paralegals and clerical assistants) to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)    other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, information or items designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" shall be kept highly confidential and shall not be communicated in any manner, either directly or indirectly, to any person or other entity other than to:

(a)     the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     in-house counsel of the receiving party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

4.4     Filing Protected Material. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion

to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must

STIPULATED PROTECTIVE ORDER
(2:22-cv-849-RSM-DWC) - 6
4863-8216-8212v.1 0063971-000093

be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone or video conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1

2

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

DATED this 1st day of December, 2023.

4

By: *s/ Jaime Drozd*                               By: *s/ Jason Dennett*                 

5

Jaime Drozd (WSBA #35742)                       Jason T. Dennett (WSBA #30686)

**DAVIS WRIGHT TREMAINE**                    Rebecca L. Solomon (WSBA #51520)

6

920 Fifth Avenue, Suite 3300                       **TOUSLEY BRAIN STEPHENS PLLC**

Seattle, WA 98104-1610                             1200 Fifth Avenue, Suite 1700

7

Telephone: 206-622-3150                            Seattle, WA 98101-3147

Facsimile: 206-757-7700                            Telephone: (206) 682-5600

8

jaimedrozd@dwt.com                                 Facsimile: (206) 682-992

jdennett@tousley.com

9

rsolomon@tousley.com

Stephen L. Saxl (*Pro Hac Vice*)

10

**GREENBERG TRAURIG, LLP**

One Vanderbilt Avenue                                Gary M. Klinger (*Pro Hac Vice*)

11

New York, NY 10017                                  **MILBERG COLEMAN BRYSON**

Telephone: (212) 801-9200                          **PHILLIPS GROSSMAN, PLLC**

12

Facsimile: (212) 805-9371                           227 W. Monroe Street, Suite 2100

Saxls@gtlaw.com                                     Chicago, IL 60606

13

Telephone: (202) 429-2290

Christopher S. Dodrill (*Pro Hac Vice*)               gklinger@milberg.com

14

**GREENBERG TRAURIG, LLP**

2200 Ross Avenue, Suite 5200

15

Dallas, TX 75201                                      Bryan L. Bleichner (*Pro Hac Vice*)

Telephone: (214) 665-3681                          **CHESTNUT CAMBRONNE PA**

16

dodrillc@gtlaw.com                                 100 Washington Avenue South, Suite 1700

17

Minneapolis, MN 55401

Jena Valdetero (*Pro Hac Vice*)                    Telephone: (612) 339-7300

18

**GREENBERG TRAURIG, LLP**                   Facsimile: (612) 336-2940

77 West Wacker Drive                               bbleichner@chestnutcambronne.com

19

Chicago, IL 60601

Telephone: (312) 456-8400

20

valdeteroj@gtlaw.com                              *Counsel for Plaintiff Sana Saiki and the*

21

*Proposed Class*

22

*Counsel for Defendant MCG Health, LLC*

23

24

25

26

27

M. Anderson Berry (*Pro Hac Vice*)
**CLAYEO C. ARNOLD, A**
**PROFESSIONAL LAW CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com

Timothy W. Emery (WSBA #34078)
Patrick B. Reddy (WSBA #34092)
**EMERY REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
emeryt@emeryreddy.com
reddyp@emeryreddy.com

***Counsel for Plaintiffs Jay Taylor, Shelley***
***Taylor, and the Proposed Class***

Jason T. Dennett (WSBA #30686)
Rebecca L. Solomon (WSBA #51520)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Telephone: (206) 682-5600
Facsimile: (206) 682-992
jdennett@tousley.com
rsolomon@tousley.com

Jeffrey S. Goldenberg (*Pro Hac Vice*)
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

Charles E. Schaffer (*Pro Hac Vice*)
Nicholas Elia (*Pro Hac Vice*)
**LEVIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

***Counsel for Plaintiffs Leo Thorbecke,***
***Marjorita Dean, and the Proposed Class***

Samuel J. Strauss (WSBA #46971)
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com

***Counsel for Plaintiffs Linda Crawford,***
***Michael Price, and the Proposed Class***

Michael C. Subit (WSBA #29189)
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: (206) 682-6711
msubit@frankfreed.com

Gary E. Mason (*Pro Hac Vice*)
Danielle L. Perry (*Pro Hac Vice*)
Lisa A. White
**MASON LLP**
5101 Wisconsin Ave. NW Ste. 305
Washington DC 20016
Telephone: (202) 640-1160
Facsimile: (202) 429-2294
gmason@masonllp.com

dperry@masonllp.com
lwhite@masonllp.com

***Counsel for Plaintiff Eva Dresch and the
Proposed Class***

Jason T. Dennett (WSBA #30686)
Rebecca L. Solomon (WSBA #51520)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Telephone: (206) 682-5600
Facsimile: (206) 682-992
jdennett@tousley.com
rsolomon@tousley.com

Beth E Terrell (WSBA #26759)
Jennifer Rust Murray (WSBA #36983)
**TERRELL MARSHALL LAW
GROUP PLLC**
936 N 34TH St, Ste 300
Seattle, WA 98103-8869
206-816-6603/Fax: 206-319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

Terence R. Coates (*Pro Hac Vice*)
**MARKOVITS, STOCK & DEMARCO,
LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

Benjamin F. Johns (*Pro Hac Vice*)
Samantha E. Holbrook (*Pro Hac Vice*)
**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
One Haverford Centre
361 Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
bfj@chimicles.com
seh@chimicles.com

Joseph M. Lyon (*Pro Hac Vice*)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 721-1178
jlyon@thelyonfirm.com

***Counsel for Plaintiffs Julie Mack, Joanne
Mullin***

***Counsel for Plaintiff Cynthia Strecker and
the Proposed Class***

Jason T. Dennett (WSBA 30686)
Rebecca L. Solomon (WSBA 51520)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Telephone: (206) 682-5600
Facsimile: (206) 682-992
jdennett@tousley.com
rsolomon@tousley.com

William B. Federman
(Admitted *Pro Hac Vice*)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

A. Brooke Murphy
(Admitted *Pro Hac Vice*)
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

*Counsel for Plaintiff and the Putative Class
Kenneth Hensley as legal guardian of minor
R.H.*

Beth E. Terrell (WSBA #26759)
Jennifer Rust Murray (WSBA #36983)
**TERRELL MARSHALL LAW GROUP
PLLC**
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
Telephone: 206-816-6603
Facsimile: 206-319-5450
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com

Adam E. Polk (*Pro Hac Vice*)
Simon Grille (*Pro Hac Vice*)
Jessica Cook (*Pro Hac Vice*)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
jcook@girardsharp.com

*Counsel for Plaintiffs Linda Booth, Mary
Napier, Candace Daugherty, and the
Proposed Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 4th day of December, 2023.

David W. Christel
Chief United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
(2:22-cv-849-RSM-DWC) - 15
4863-8216-8212v.1 0063971-000093

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on

7

_____, 202__ in the case of In re MCG Health Data Security Issue Litigation, Case

8

No. 2:22-cv-849-RSM-DWC. I agree to comply with and to be bound by all the terms of this

9

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11

not disclose in any manner any information or item that is subject to this Stipulated Protective

12

Order to any person or entity except in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

Date:_____

17

City and State where sworn and signed:_____

18

Printed name:_____

19

Signature: _____

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER
(2:22-cv-849-RSM-DWC) - 16
4863-8216-8212v.1 0063971-000093