

1

2

3

4

5

6

The Honorable Ricardo S. Martinez

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

In re MCG Health Data Security Issue
Litigation

NO. 2:22-CV-00849-RSM-DWC

11

12

**PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - i

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

## Table of Contents

I.  INTRODUCTION ................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................... 1

   A.  Factual Background ................................................................... 1

   B.  Procedural History, Discovery, and Settlement Negotiations ................ 2

III.  THE SETTLEMENT TERMS ................................................................ 3

IV.  NOTICE TO THE CLASS .................................................................... 4

   A.  Direct Mail ............................................................................. 5

   B.  Settlement Website .................................................................. 5

   C.  Toll-Free Telephone Number ...................................................... 6

V.  CLAIMS, OPT OUTS, AND OBJECTIONS .............................................. 6

VI.  LEGAL ARGUMENT ......................................................................... 6

   A.  The Settlement Class Continues to Merit Certification............................ 7

   B.  Notice Satisfied Due Process........................................................... 7

   C.  The Settlement Should Be Finally Approved Pursuant to Rule 23(e)............. 8

   D.  Class Counsel and the Class Representatives have adequately represented the Class and support the Settlement. ........................................................ 9

   E.  The Settlement has no indicia of collusion and is the result of hard-fought negotiations before an experienced mediator............................................ 10

   F.  The relief provided in the Settlement is fair and adequate in light of the risk and complexity of the case. ........................................................................ 11

     1.  The Risk, Expense, Complexity, and Likely Duration of Further Litigation ..... 11

     2.  The Risk of Maintaining Class Action Status Through Trial ............... 12

     3.  The Amount Offered in Settlement................................................ 13

     4.  The Extent of Discovery Completed and the Stage of Proceedings .......... 14

     5.  The Experience and Views of Counsel........................................... 14

     6.  Governmental Participants......................................................... 15

     7.  The Reaction of the Class Members to the Proposed Settlement ......... 15

     8.  The Settlement Treats Settlement Class Members Equitably.............. 16

VII.  CONCLUSION ................................................................................. 17

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - ii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

**Table of Authorities**

2
**Page(s)**

3
**Cases**

4
*Aikens v. Panatte, LLC*,
    No. 2:17-cv-01519, Dkt. #54 (W.D. Wash. Feb. 5, 2019) ....................................................7

5

6
*In re Anthem, Inc. Data Breach Litig.*,
    327 F.R.D. 299 (N.D. Cal. 2018) .......................................................................................10

7

8
*Askar v. Health Providers Choice, Inc.*,
    No. 19-CV-06125-BLF, 2021 WL 4846955 (N.D. Cal. Oct. 18, 2021) ................................8

9
*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ....................................................................................9, 10, 11

10

11
*Bolding v. Banner Bank*,
    2024 WL 755903 (W.D. Wash. Feb. 23, 2024) ...................................................................13

12
*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) .............................................................................................7

13

14
*Churchill Vill., LLC v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ...............................................................................................9

15

16
*Clemans v. New Werner Co.*,
    No. 3:12-cv-5186, 2013 WL 12108739 (W.D. Wash. Nov. 22, 2013) ................................15

17
*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) .............................................................................................................7

18

19
*Ewing v. Admin. Sys., Inc.*,
    C08-0797 RAJ, 2009 WL 10725426 (W.D. Wash. Sept. 30, 2009) .....................................7

20

21
*Fox v. Iowa Health Sys.*,
    No. 3:18-CV-00327-JDP, 2021 WL 826741 (W.D. Wis. Mar. 4, 2021) .............................12

22
*Garner v. State Farm Mut. Auto. Ins. Co.*,
    2010 WL 1687832 (N.D. Cal. Apr. 22, 2010).....................................................................10

23

24
*Gordon v. Chipotle Mexican Grill, Inc.*,
    No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019) ......................12

25

26
*Hammond v. The Bank of N.Y. Mellon Corp.*,
    No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307 (S.D.N.Y. June 25,
    2010).................................................................................................................................12

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - iii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................7, 9, 10

*Hanson v. MGM Resorts Int'l*,
  No. 16-cv-1661-RAJ, 2018 WL 3630284 (W.D. Wash. July 31, 2018) ...............................9

*Hillman v. Lexicon Consulting, Inc.*,
  No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869 (C.D. Cal. April 27,
  2017)...........................................................................................................................14

*Hughes v. Microsoft Corp.*,
  2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ............................................................15

*Jamil v. Workforce Res., LLC*,
  2020 WL 6544660 (S.D. Cal. Nov. 5, 2020)......................................................................7

*Kim v. Allison*,
  8 F.4th 1170 (9th Cir. 2021) .............................................................................................9

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) .........................................................................................14

*In re Marriott Int'l, Inc.*,
  78 F.4th 677 (4th Cir. 2023) ...........................................................................................12

*In re Marriott International Customer Data Securities Breach Litigation*,
  341 F.R.D. 128 (D.Md. 2022) ..........................................................................................12

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004)......................................................................................14

*In re Netflix Privacy Litig.*,
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ..................................................................10

*Norton v. Maximus, Inc.*,
  NO. 1:14-0030 WBS, 2017 WL 1424636 (D. Idaho Apr. 17, 2017) ..................................14

*In re Omnivision Techs. Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008).............................................................................13

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ...........................................................................................16

*Paredes Garcia v. Harborstone Credit Union*,
  No. 3:21-CV-05148-LK, 2023 WL 4315117 (W.D. Wash. July 3, 2023)...........................16

*Rinky Dink Inc. v. World Bus. Lenders, LLC*,
  No. C14-0268-JCC, 2016 WL 4052588 (W.D. Wash. Feb. 3, 2016) ..................................14

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - iv

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................13, 15

*Roe v. Frito-Lay, Inc.*,
    No. 14-cv-00751, 2017 WL 1315626 (N.D. Cal. Apr. 7, 2017) ...........................16

*Scientific Games, Scientific Games*, No. 18-cv-525, Dkt. #197 (W.D. Wash.
    Aug. 12, 2022); .......................................................................................................7

*Schneider v. Wilcox Farms, Inc.*,
    No. 07-CV-01160-JLR, 2009 WL 10726662 (W.D. Wash. Jan. 12, 2009) ..........15

*Smith v. Triad of Ala.*,
    LLC, No. 1:14-CV-324-WKW, 2017 WL 1044692 (M.D. Ala. Mar. 17,
    2017) ......................................................................................................................12

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ....................................................................................11

**Other Authorities**

Fed. R. Civ. P. 23(c)(2)(B) .....................................................................................7, 8

Fed. R. Civ. P. 23(e)(2)(C)(iii) ...................................................................................13

Rule 23 ...............................................................................................................1, 6, 8

Rule 23(a) ....................................................................................................................7

Rule 23(a) and (b) .......................................................................................................7

Rule 23(a) and (b)(3) ..................................................................................................6

Rule 23(b)(3) ...............................................................................................................7

Rule 23(e) .............................................................................................................8, 10

Rule 23(e)(2) ...............................................................................................................8

Rule 23(e)(2)(D) ........................................................................................................16

Rule 23(e)(3) ...............................................................................................................9

Rules 23(a) and 23(b)(3) .............................................................................................7

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - v

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

# I.    INTRODUCTION

Since this Court granted Plaintiffs' Motion for Preliminary Approval, the reaction of the settlement class has been overwhelmingly positive. Of the over 1 million settlement class members, only 124 have opted out of the settlement and no class member has objected. The proposed Settlement, which provides for an $8,800,000 Settlement Fund, will provide the class with meaningful monetary and non-monetary relief, commensurate with the alleged damages sustained. Reached through arm's-length negotiations after contested litigation by experienced and well-informed counsel, the Settlement will deliver tangible, immediate benefits to Settlement Class Members, addressing the potential harms of the data breach without protracted and inherently risky litigation.

Plaintiffs, by and through their undersigned counsel, respectfully request this Court grant Plaintiffs' Motion for Final Approval of this Class Action Settlement so that Plaintiffs may begin the process of distributing benefits to those members of the Settlement Class who have submitted valid claims. Because the proposed Settlement is fair, reasonable, and adequate, and because it satisfies all the requirements of Rule 23, the Court should finally certify the Settlement Class and grant final approval.

# II.    STATEMENT OF FACTS

## A.    Factual Background

This matter arises out of a breach of Defendant MCG Health, LLC's ("MCG" or "Defendant") computer systems that MCG discovered in March of 2022 (the "Data Incident"). During the Data Incident, an unauthorized individual accessed MCG's systems and obtained certain protected health information ("PHI") and personally identifiable information ("PII") of approximately 1,100,000 individuals, including names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, and medical code information of Plaintiffs and Settlement Class members.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1        MCG notified approximately 931,373 individuals that their PII and PHI may have been

2  the subject of the Data Incident. Plaintiffs brought this action on behalf of all persons whose

3  information may have been compromised, alleging claims for negligence and violations of

4  various State consumer protection laws seeking damages as a result of MCG's conduct.

5        MCG denies each and all of the claims and contentions alleged, or which could be alleged,

6  against it in the litigation. MCG also denies all wrongdoing or liability associated with the Data

7  Incident.

8       **B.**     **Procedural History, Discovery, and Settlement Negotiations**

9        Beginning on August 17, 2022, Plaintiffs, individually and on behalf of a putative class,

10  filed various actions against Defendant asserting claims concerning the Data Incident. The Court

11  consolidated the various cases, and on October 31, 2022, MCG filed a motion to dismiss, which

12  was granted in part and denied in part. Plaintiffs filed their Amended Consolidated Complaint on

13  July 14, 2023.

14        Subsequently, the parties agreed to participate in mediation and informally exchanged

15  discovery on a variety of topics related to the Data Incident so that the parties would be well

16  informed for settlement negotiations.

17        On July 26, 2023, the parties engaged in an all-day, arms-length virtual mediation before

18  Jill R. Sperber of Judicate West. While the parties made some progress in the mediation, the

19  parties were unable to reach a resolution.

20        In the four and a half months following the mediation, the parties continued to engage in

21  negotiations with the assistance of Ms. Sperber. In the midst of these negotiations, on September

22  14, 2023, Defendant filed a motion to dismiss Plaintiffs' Amended Consolidated Class Action

23  Complaint, which was fully briefed, but has not been decided. Ultimately, on December 8, 2023

24  the Parties accepted a mediator's proposal by Ms. Sperber to resolve this case on a classwide

25  basis for a common fund of $8.8 million. Thereafter, the parties continued negotiations to

26  formalize the terms of the settlement set forth in the Settlement Agreement. Plaintiffs filed their

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

Motion for Preliminary Approval on March 1, 2024, which this court granted on May 1, 2024. The Notice Plan approved therein has been carried out and the response of the Class has been favorable. For the reasons set forth herein, and consistent with the Court's initial decision to grant preliminary approval, Plaintiffs now seek final approval of the Settlement.

### III.    THE SETTLEMENT TERMS

The following section briefly summarizes the core terms of the Settlement, which Plaintiffs previously filed with the Court, Dkt. No. 82.

The Settlement Class is defined as:

> All United States residents whose personally identifiable information (PII) and/or protected health information (PHI) was accessed or acquired during the MCG data security incident that MCG discovered on or about March 25, 2022."

S.A. ¶ 3.1

Under the terms of the Settlement Agreement, MCG will provide an $8,800,000 settlement fund in exchange for a full release of claims by the Settlement Class Members. Settlement Agreement, S.A. ¶ 4.2. From the $8,800,000 settlement fund, all Settlement Class Members were eligible to submit a claim for the following monetary benefits:

**Documented Ordinary Losses**

Class members were eligible to submit a claim for reimbursement for ordinary out-of-pocket expenses related to the Data Incident, up to $1,500 per Class Member. *Id.* ¶ 4.2.1. Ordinary Losses include, but are not limited to, (i) unreimbursed losses relating to fraud or identity theft; (ii) out-of-pocket credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and (iii) unreimbursed bank fees, long distances phone charges, postage, and/or gasoline for local travel. *Id.*

**Documented Extraordinary Losses.**

Class members were eligible to submit a claim for reimbursement for extraordinary losses resulting from the Data Incident, up to a maximum of $10,000.00 per Settlement Class Member. *Id.* ¶ 4.2.2. Extraordinary Losses may include actual, documented, and unreimbursed monetary

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

losses, more likely than not caused by the Data Incident, which occurred between February 25, 2020 and the Claims Deadline, was not already covered by one of the Ordinary Loss categories, and which the claimant must have made reasonable efforts to avoid or seek reimbursement for. *Id.*

**Alternative Cash Payment.**

As an alternative to filing a claim for reimbursement of Ordinary Losses, and/or Extraordinary Losses, Settlement Class Members who timely submitted valid claims could elect to receive a *pro rata* payment from the net Settlement Fund, meaning the remainder of funds after payment of the costs of carrying out the Notice Program and Claims Administration, any Attorneys' Fees and Expenses Award, any Service Award to Representative Plaintiff, and payments for valid claims for Ordinary Losses and Extraordinary Losses. *Id.* ¶ 4.2.4.

**Credit Monitoring.**

Settlement Class members may also claim three years of three-bureau credit monitoring, regardless of whether they make a claim for Ordinary Losses, Extraordinary Losses, or the Alternative Cash Payment. *Id.* ¶ 4.2.3.

In addition to the $8.8 million settlement fund, MCG has also agreed to undertake, implement and maintain certain enhanced cybersecurity measures tailed towards preventing another incident like the one at issue in the operative complaint and to otherwise safeguard Plaintiffs' and Class Members' PII and PHI. *Id.* ¶ 4.1.2.

## IV.    NOTICE TO THE CLASS

As directed by this Court's Preliminary Approval Order, the parties worked diligently to implement the Notice Plan in coordination with the approved Claims Administrator, Kroll Settlement Administration ("Settlement Administrator" or "Kroll"). Using records provided by Defendant, Kroll fully implemented the comprehensive notice program consisting of direct-mail Postcard Notices, a website, and a toll-free number. As detailed below and in the Declaration of Scott M. Fenwick of Kroll Settlement Administration, LLC in Connection with Final Approval

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of Settlement ("Admin. Decl."), submitted herewith, that notice plan is now complete, and the results have been overwhelmingly successful.

### A.    Direct Mail

On May 14, 2024, Kroll received from Defendant a data file with 1,100,318 records of identified Settlement Class Members. *Id*. ¶ 7. The data included first, middle, and last names, physical mailing addresses, and unique codes for identified Settlement Class Members. *Id*. Kroll undertook several steps to reconcile the list and compile the eventual Class List for the mailing of Summary Notices. After cleaning and de-duplicating the Class List, Kroll determined there were 1,071,069 unique records. *Id*. As a result, on May 31, 2024 1,071,069 unique, identified Settlement Class Members were sent a Postcard Notice via United States Postal Service ("USPS") first-class mail. *Id*. ¶ 9.

Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information was up-to-date and accurately formatted for mailing. *Id*. ¶ 7. Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, or to better addresses that were found using an advance address lookup service. *Id*. ¶ 10-11.

In Summary, a Postcard Notice was delivered to 1,054,503 of the 1,071,069 unique, identified Settlement Class Members. *Id*. ¶ 12. This means the direct mailing individual notice efforts reached approximately 99.45% of the identified Settlement Class Members. *Id*.

### B.    Settlement Website

On May 31, 2024, Kroll established a dedicated website for the case (www.MCGDataBreachSettlement.com). *Id*. ¶ 8. Relevant documents, including the Settlement Agreement, Long Form Notice, Claim Form, and other case-related documents are posted on the Settlement Website. *Id*. In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Members may request exclusion from or object to the Settlement, contact information for the

2   Claims Administrator, and how to obtain other case-related information. *Id.* The Settlement

3   Website also provided the ability for Settlement Class Members to file an online Claim Form.

4   *Id.*

5           **C.      Toll-Free Telephone Number**

6           On May 14, 2024, a toll-free telephone number (1-833-522-9003) was established for the

7   case. *Id.* ¶ 8. Callers who dialed in were able to obtain additional information regarding the

8   Settlement through an Interactive Voice Response ("IVR") system. *Id.*

9           The Notice Program as designed and implemented reached approximately 98.45% of the

10  identified Settlement Class. *Id.* ¶ 12. The reach of the Notice Program is consistent with other

11  court-approved and best-practicable programs, and was designed to satisfy the requirements of

12  due process.

13          **V.      CLAIMS, OPT OUTS, AND OBJECTIONS**

14          The reaction of the Settlement Class has been overwhelmingly positive. Although the

15  claims deadline does not expire until September 30, 2024, to date the claims administrator has

16  received 12,188 claims. Only one hundred twenty-four (124) Settlement Class members

17  submitted valid exclusion requests, and no class member objected.

18          For the Class Members who submitted claims, it is estimated that the alternative cash

19  payment, which makes up the vast majority of the claims, will be approximately $340. *Id.* ¶ 17.

20  This is an outstanding result for the Class.

21          **VI.     LEGAL ARGUMENT**

22          Plaintiffs respectfully request that the Court grant final certification of the Settlement

23  Class because: (1) the Settlement Class satisfies the requirements of Rule 23(a) and (b)(3); (2) the

24  Court-approved notice program satisfies both Rule 23 and due process requirements and has been

25  fully implemented pursuant to the Court's requirements; and (3) the Settlement is fair,

26  reasonable, and adequate.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## A.    The Settlement Class Continues to Merit Certification

A threshold inquiry at final approval is whether the Class satisfies the requirements of Rule 23(a) and (b). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–22 (9th Cir. 1998). The Court completed this first step in the settlement approval process when it granted preliminary approval and provisionally certified the Settlement Class. *See* Dkt. No. 86. Here, the Court already found that certification of the proposed Settlement Class is appropriate because "the proposed Settlement Class meets all of the requirements of Rules 23(a) and 23(b)(3)." Dkt. No. 86 at 3. The Court's Preliminary Approval Order made specific findings that the Class met each of the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. *Id.* Likewise, the Court found that the Settlement Class met each of the Rule 23(b)(3) requirements: that questions of law and fact common to the members of the class predominate over any "questions affecting any individual Class Member," and that a class action is superior to other available methods of fairly and efficiently adjudicating this controversy. *Id.* Plaintiffs respectfully submit that nothing has changed since these findings were made, and they remain accurate. Because no relevant facts have changed since the Court certified the Settlement Class the Court need not revisit class certification here. *See, e.g.*, *Scientific Games*, No. 18-cv-525, Dkt. #197 (W.D. Wash. Aug. 12, 2022); *Aikens v. Panatte, LLC*, No. 2:17-cv-01519, Dkt. #54 (W.D. Wash. Feb. 5, 2019); *Ewing v. Admin. Sys., Inc.*, C08-0797 RAJ, 2009 WL 10725426, at *1 (W.D. Wash. Sept. 30, 2009); *see also Jamil v. Workforce Res., LLC*, 2020 WL 6544660, at *3 (S.D. Cal. Nov. 5, 2020).

## B.    Notice Satisfied Due Process

Prior to granting final approval, this Court must consider whether the members of the class received adequate notice of the settlement. Fed. R. Civ. P. 23(c)(2)(B); *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Specifically, the court must find that the notice to the class was "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "[T]he rule does not insist on actual notice to all class members in all cases." *Briseno*

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   *v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (quoting *Mullins v Direct Digital*
2   *LLC*, 795 F.3d 654, 665 (7th Cir. 2015)). Although what constitutes the "best notice practicable"
3   is case-specific, the Federal Judicial Center has noted that a notice campaign that reaches 70%
4   of a class is often reasonable and satisfies due process. Federal Judicial Center, *Judges' Class*
5   *Action Notice & Claims Process Checklist & Plain Language Guide* 3 (2010), *available at*
6   https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

7        The Court already provisionally approved the Notice Plan proposed by Plaintiffs and
8   Class Counsel, including the forms of Plaintiffs' Short Notice and Long Form Notice, finding
9   that they complied with the requirements of Rule 23 and due process. The Court also approved
10  of Plaintiffs' proposed manner of distribution of notice forms as compliant with the requirements
11  of Rule 23 and due process.

12       Plaintiffs' implementation of that Notice Plan was successful in all aspects. Consistent
13  with the Court's instructions, Notice consisted of 1,071,069 Postcard Notices, a website, and a
14  toll-free number. The Notice Program as designed and implemented reached approximately
15  98.45% of the identified Settlement Class. Admin. Decl. ¶ 12. That figure far exceeds the
16  constitutional due process requirement in this Circuit. *See, e.g.*, *Askar v. Health Providers*
17  *Choice, Inc.*, No. 19-CV-06125-BLF, 2021 WL 4846955, at *3 (N.D. Cal. Oct. 18, 2021)
18  ("[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with
19  Rule 23.") (citation omitted).

20       Finally, all forms of notice accurately described the Settlement and directed the recipient
21  to the Settlement Website where further information was available. The Court should therefore
22  find that the Notice Plan, as executed, satisfied Rule 23(c)(2)(B) and fully complied with due
23  process requirements.

24       **C.   The Settlement Should Be Finally Approved Pursuant to Rule 23(e)**

25       To approve the settlement of a class action as fair, reasonable, and adequate, Rule 23(e)(2)
26  requires Court to consider "whether (A) the class representatives and class counsel have

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 8

adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." At the final approval stage, the court considers the settlement light of a non-exhaustive list of factors—the so-called *Churchill* factors—including:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *see also Hanson v. MGM Resorts Int'l*, No. 16-cv-1661-RAJ, 2018 WL 3630284, at *4 (W.D. Wash. July 31, 2018). Not surprisingly, there is overlap between the 23(e) fairness, reasonableness, and adequacy considerations and the factors set out in the Ninth Circuit test in *Churchill*, 361 F.3d at 575. The Ninth Circuit has instructed that the court's 23(e)(2) analysis should be guided by the *Churchill* factors. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**D.    Class Counsel and the Class Representatives have adequately represented the Class and support the Settlement.**

Plaintiffs and Class Counsel have represented the Class adequately in connection with both the litigation and the Settlement. Plaintiffs have claims that are typical of, and coextensive with, those of the Class, and they have no interests that are antagonistic to other members of the Class. *See Hanlon*, 150 F.3d at 1020. Indeed, the Plaintiffs share the primary goal with the Class of obtaining the largest possible recovery from Defendants. Class Counsel diligently represented

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Class throughout the course of this complex and hard-fought litigation. Class Counsel, who are experienced in representing plaintiffs in class action and data privacy cases, have spent nearly two years litigating this case and advocating for the Class. As a result of their efforts, the Settlement provides considerable monetary relief to participating Settlement Class members. By any measure, Class Counsel's efforts constitute adequate representation of the Class.

**E.      The Settlement has no indicia of collusion and is the result of hard-fought negotiations before an experienced mediator.**

The Ninth Circuit instructs courts to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon*, 150 F.3d at 1027 (quoting *Officers for Justice*, 688 F.2d at 625). When approving a settlement prior to class certification the Court is required to engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The Settlement here was negotiated at arm's length and was the product of non-collusive negotiations—as the Court found at preliminary approval. *See* Dkt. No. 86 at 3. The settlement was reached after months of arm's-length negotiations facilitated by an experienced neutral. The fact that the parties reached the Settlement with the assistance of a neutral mediator is a "factor weighing in favor of a finding of non-collusiveness." *In re Bluetooth*, 654 F.3d at 948. Courts within the Ninth Circuit "have afforded a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel." *In re Netflix Privacy Litig.*, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013); *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018) ("[T]he assistance of an experienced mediator in the

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    settlement process confirms that the settlement is non-collusive." (internal quotation omitted));

2    *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 116 (2d Cir. 2005).

3         Finally, the Settlement here has none of the indicia of possible collusion identified by the

4    Ninth Circuit, such as a disproportionate requested attorneys' fee, a "clear sailing" fee agreement

5    separate and apart from class funds, or the reversion of unpaid fees to the defendant. *See In re*

6    *Bluetooth*, 654 F.3d at 947. There is no reverter in this common fund settlement. And, while

7    Class Counsel's fee will be determined separately, as explained in Class Counsel's fee petition,

8    they seek a percentage recovery that is consistent with Washington law and Ninth Circuit

9    precedent, reflects their work performed, and is proportionate. *See* Dkt. 88. Accordingly, all

10   evidence indicates that this Settlement was not "the product of fraud or overreaching by, or

11   collusion between, the negotiating parties." *Spann II*, 314 F.R.D. at 324–25.

12        **F.**    **The relief provided in the Settlement is fair and adequate in light of the risk**

13            **and complexity of the case.**

14         In Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Plaintiffs

15   provided an in-depth discussion regarding the fairness and adequacy of the Settlement. Dkt. No.

16   82. In granting preliminary approval to the Settlement, this Court agreed, holding that the relief

17   provided to the class under the settlement is adequate, particularly when considering the costs,

18   risks, and delay associated with proceeding to trial and potential appeal. Dkt. No. 86 at 3. Here

19   evaluating the risks of continued litigation against the scope of relief this Settlement provides to

20   the Class, the Settlement merits final approval.

21         **1.**    **The Risk, Expense, Complexity, and Likely Duration of Further**

              **Litigation**

22

23         This Settlement is excellent not only because of the valuable benefits obtained for the

   Settlement Class (both monetary and non-monetary), but also because Plaintiffs would have

24

faced significant risks in litigating this case through trial. While Plaintiffs believe they have built

25

26   a strong case for liability against MCG for its negligent, unfair, and unlawful conduct under

   multiple causes of action, they also understand that their success in this case is not guaranteed.

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1  Plaintiffs would need to establish  ognizable harm and causation class-wide across the nearly 1.1

2  million member class in this complex and technical data breach litigation. *See, e.g.*, *Fox v. Iowa*

3  *Health Sys.*, No. 3:18-CV-00327-JDP, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021) ("Data

4  breach litigation is evolving; there is no guarantee of the ultimate result."); *Gordon v. Chipotle*

5  *Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16,

6  2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). *Hammond v.*

7  *The Bank of N.Y. Mellon Corp.*, No. 08 Civ. 6060 (RMB) (RLE), 2010 WL 2643307, at *1–2

8  (S.D.N.Y. June 25, 2010) (collecting cases). Moreover, data breach litigation is a rapidly

9  emerging area of the law and few data breach cases have made it past contested class certification.

10  The first to obtain certification was *Smith v. Triad of Ala.*, LLC, No. 1:14-CV-324-WKW, 2017

11  WL 1044692, at *16 (M.D. Ala. Mar. 17, 2017), and a more recent certified contested class, *In*

12  *re Marriott International Customer Data Securities Breach Litigation*, 341 F.R.D. 128 (D.Md.

13  2022), was recently decertified on appeal*, see In re Marriott Int'l, Inc.*, 78 F.4th 677, 680 (4th

14  Cir. 2023). Thus, Plaintiffs' claims remain, in many ways, novel and untested and Plaintiffs

15  would face numerous challenges at class certification, summary judgment, and trial. For

16  example, while Plaintiffs' have advanced numerous theoretically sound damages models, those

17  models remain relatively untested in a disputed class certification setting and unproven in front

18  of a jury.

19        Each of these risks poses a significant threat that Settlement Class Members could end up

20  losing the case at or before trial and recovering nothing at all. Generally, "unless the settlement

21  is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive

22  litigation with uncertain results." *Id.* (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

23  221 F.R.D. 523, 526 (C.D. Cal. 2004)).  Thus, this factor favors approval.

24        **2.    The Risk of Maintaining Class Action Status Through Trial**

25        If this case were to proceed forward in adversarial litigation, Plaintiffs face the additional

26  risk of maintaining class certification through trial because Defendant would fiercely oppose

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 12

class certification. As discussed above, few data breach cases have proceeded forward to obtain a ruling certifying a contested class.  And assuming Plaintiffs obtained certification of the Class, they would still face significant risks and delays in maintaining and litigating their class claims. The Ninth Circuit recognizes the inherent risk that a district court "may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class."). Moreover, even if Plaintiffs were successful in obtaining class certification and winning trial in the district court, the risk of one or more lengthy appeals would be high. Accordingly, the risk and uncertainty surrounding certification of the Class also supports approval of the Settlement.

### 3.    The Amount Offered in Settlement

In light of the risks and uncertainties presented by data breach litigation, the value of the Settlement favors approval. The Settlement makes significant relief available to Settlement Class Members in the form of direct cash payments. As discussed above, Class members were given the option to submit a claim for three (3) years of credit monitoring as well as up to $1,500 in reimbursements for Ordinary Losses and up to $10,000 in reimbursements for Extraordinary Losses, or an alternative cash payment. This Settlement is a strong result for the Class, and as discussed extensively at Preliminary Approval, the amount offered is in line with other settlements in cases involving data breaches of similar scope.

The relief offered by the Settlement is also reasonable in light of "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Here, Class Counsel has requested a 33.3% award of costs and attorneys' fees, which is squarely in line with Ninth Circuit standards and precedent in this District. *See Bolding v. Banner Bank,* 2024 WL 755903, at *2 (W.D. Wash. Feb. 23, 2024) ("a 33% fee is standard and reasonable for this type of contingency case.").

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

**4.      The Extent of Discovery Completed and the Stage of Proceedings**

Plaintiffs were well informed about the strengths and weaknesses of this case before entering into settlement discussions on behalf of class members. Plaintiffs obtained all available public records regarding the Data Incident and sought informal discovery from Defendant related to the scope of the Data Incident, the merits of Plaintiffs' claims, potential defenses thereto, the size of the Class, and other issues relating to class certification. Class Counsel was therefore able to draw on their extensive experience in privacy and data protection litigation to efficiently uncover the relevant information bearing on the critical issues in this case. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, No. EDCV 16-01186-VAP(SPx), 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2017). Accordingly, Plaintiffs "had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *5 (W.D. Wash. Feb. 3, 2016); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). This factor, too, supports final approval.

**5.      The Experience and Views of Counsel**

Class Counsel are experienced class action litigators in the field of data breach and data privacy litigation and recommend the Settlement as being fair, reasonable and adequate and in the best interests of the Class Members. *See* Dkt. No. 83.  A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Norton v. Maximus, Inc.*, NO. 1:14-0030 WBS, 2017 WL 1424636, at *6 (D. Idaho Apr. 17, 2017); *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). In light of the complexities of the case and the risks of continuing through further discovery, class certification, summary judgment, trial, and inevitable appeals, Class Counsel firmly believe that the Settlement represents a favorable resolution of this litigation. "Absent fraud or collusion, courts can, and should, rely upon the judgment of experienced counsel for the parties, when assessing a settlement's fairness and reasonableness." *Demmings*, 2018 WL

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

4495461, at *9 (internal quotations omitted). Thus, Class Counsel's recommendation that the Settlement is fair, reasonable, and adequate "strongly favor" approval. *Lane*, 166 F. Supp. 3d at 1191.

**6.    Governmental Participants.**

There is no governmental participant in this matter. This factor is neutral.

**7.    The Reaction of the Class Members to the Proposed Settlement**

The reaction of the Class Members to the Proposed Settlement has been overwhelmingly positive and supports approval. The number of class members who object to a proposed settlement "is a factor to be considered when approving a settlement" and the "absence of significant numbers of objectors weighs in favor of finding the settlement to be fair, reasonable and adequate." *Lane*, 166 F. Supp. 3d at 1191. "When few class members object, a court may appropriately infer that a class action settlement is fair, adequate, and reasonable." *Schneider v. Wilcox Farms, Inc.*, No. 07-CV-01160-JLR, 2009 WL 10726662, at *3 (W.D. Wash. Jan. 12, 2009). Here, *no class members have objected. See* 4 NEWBERG ON CLASS ACTIONS, § 11 :48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections [citations omitted]").

Moreover, as of September 23, 2024, Kroll has received only 124 valid requests for exclusion. Admin. Decl.¶ 17. This near total lack of opposition is a strong indication that the class supports the settlement. *See Clemans v. New Werner Co.*, No. 3:12-cv-5186, 2013 WL 12108739, at *5 (W.D. Wash. Nov. 22, 2013) (in settlement where one objection and four exclusions were filed, court found that "the overwhelming non-opposition to and participation in the Settlement [are] strong indications of Class Members' support for the Settlement as fair, adequate, and reasonable."); *see also Rodriguez*, 563 F.3d at 967 (concluding that the district court "had discretion to find a favorable reaction" when 54 of 376,301 class members objected to settlement); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *8–9 (W.D. Wash. Mar. 26, 2001) (granting final approval where "less than 1% of the class opted out and only nine objections were submitted")

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Accordingly, the Class's supportive reaction to the Settlement favors final approval.

2        **8.    The Settlement Treats Settlement Class Members Equitably**

3        Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all

4    class members equitably. In determining whether this factor weighs in favor of approval, a Court

5    must determine whether the Settlement "improperly grant[s] preferential treatment to class

6    representatives or segments of the class." *Paredes Garcia v. Harborstone Credit Union*, No.

7    3:21-CV-05148-LK, 2023 WL 4315117, *5 (W.D. Wash. July 3, 2023) (quoting *In re Tableware*

8    *Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). Here, the Settlement does not

9    improperly discriminate between any segments of the class, as all class members are entitled to

10    the same relief. Each and every Class Member has the opportunity to make a claims for the same

11    categories of monetary benefits.

12        Likewise, the provision of service awards for the Named Plaintiffs is consistent with the

13    equitable treatment of class members. The requested service awards of $2,500 per class

14    representative is reasonable and in line with awards granted in similar cases. *See, e.g.*, *Roe v.*

15    *Frito-Lay, Inc.*, No. 14-cv-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017) (noting a

16    $5,000 Service Award is presumptively reasonable in the Ninth Circuit); *In re Online DVD-*

17    *Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards of

18    $5,000). Moreover, as the service awards fall in line with the caps on claims for monetary relief

19    in the settlement, there is not a "'significant disparity between the incentive awards and the

20    payments to the rest of the class members' such that it creates a conflict of interest." *Spann II*,

21    314 F.R.D. at 328 (citing *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1165 (9th

22    Cir. 2013)).

23        In sum, the Settlement treats all Class Members equitably relative to each other, and final

24    approval is appropriate.

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## VII.    CONCLUSION

2        For the reasons contained in this memorandum, Plaintiffs respectfully request that the

3   Court grant this motion for final approval of class action settlement as fair, reasonable, and

4   adequate.

5        I certify that this memorandum contains 5,339 words, in compliance with the Local

6   Civil Rules.

7        DATED this 25th day of September, 2024.

8                              TOUSLEY BRAIN STEPHENS PLLC

9

10                             By: *Jason T. Dennett*
                                   Jason T. Dennett, WSBA #30686
11                                 *Rebecca L. Solomon*
                                   Rebecca L. Solomon, WSBA #51520
12                                 1200 Fifth Avenue, Suite 1700
                                   Seattle, WA 98101-3147
13                                 Telephone: (206) 682-5600
                                   Facsimile: (206) 682-2992
14                                 *jdennett@tousley.com*
                                   *rsolomon@tousley.com*
15

16                                 Gary M. Klinger (Admitted *Pro Hac Vice*)
                                   MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN,
17                                 PLLC
                                   227 W. Monroe Street, Suite 2100
18                                 Chicago, IL 60606
                                   Telephone: (866) 252-0878
19                                 *gklinger@milberg.com*
20
                                   Adam E. Polk (CA State Bar No. 273000) (Admitted
21                                 *Pro Hac Vice*)
                                   Simon Grille (CA State Bar No. 294914) (Admitted
22                                 *Pro Hac Vice*)
                                   Jessica Cook (CA State Bar No. 339009) (Admitted
23                                 *Pro Hac Vice*)
24                                 GIRARD SHARP LLP
                                   601 California Street, Suite 1400
25                                 San Francisco, CA 94108
                                   Telephone: (415) 981-4800
26                                 Facsimile: (415) 981-4846

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 17

1     *apolk@girardsharp.com*
      *sgrille@girardsharp.com*
2     *jcook@girardsharp.com*

3     *Co-Lead Counsel for Plaintiffs and Settlement Class*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 18

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992